# JUDGE BATTS

JS 44C/SDNY
REV. 12/2005

## CIVIL COVER SHEET

FILE '07 CIV 6369

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

**PLAINTIFFS**
Naji Hassan
AHMED

**DEFENDANTS**
Andrea Quarantillo, District Director, USCIS
New York, NY

**ATTORNEYS** (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Sandra P. Nichols Esq., P.C.
22 Broadway, Suite 1810, New York, NY 10007
(212) 406-7363

**ATTORNEYS** (IF KNOWN)
Sandra P. Nichols

**CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
28 C.F.R. ec. 1331 and 1361

RECEIVED JUL 12 2007 U.S.D.C. S.D.N.Y. CASHIERS

Has this or a similar case been previously filed in SDNY at any time? No [X] Yes? [ ]   Judge Previously Assigned _____

If yes, was this case Vol [ ] Invol. [ ] Dismissed. No [ ] Yes [ ] If yes, give date _____ & Case No. _____

(PLACE AN [x] IN ONE BOX ONLY)  **NATURE OF SUIT**

ACTIONS UNDER STATUTES

**TORTS**

**CONTRACT**
[ ] 110 INSURANCE
[ ] 120 MARINE
[ ] 130 MILLER ACT
[ ] 140 NEGOTIABLE INSTRUMENT
[ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
[ ] 151 MEDICARE ACT
[ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
[ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
[ ] 160 STOCKHOLDERS SUITS
[ ] 190 OTHER CONTRACT
[ ] 195 CONTRACT PRODUCT LIABILITY
[ ] 196 FRANCHISE

**PERSONAL INJURY**
[ ] 310 AIRPLANE
[ ] 315 AIRPLANE PRODUCT LIABILITY
[ ] 320 ASSAULT, LIBEL & SLANDER
[ ] 330 FEDERAL EMPLOYERS' LIABILITY
[ ] 340 MARINE
[ ] 345 MARINE PRODUCT LIABILITY
[ ] 350 MOTOR VEHICLE
[ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
[ ] 360 OTHER PERSONAL INJURY

**PERSONAL INJURY**
[ ] 362 PERSONAL INJURY - MED MALPRACTICE
[ ] 365 PERSONAL INJURY PRODUCT LIABILITY
[ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**
[ ] 370 OTHER FRAUD
[ ] 371 TRUTH IN LENDING
[ ] 380 OTHER PERSONAL PROPERTY DAMAGE
[ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**FORFEITURE/PENALTY**
[ ] 610 AGRICULTURE
[ ] 620 FOOD & DRUG
[ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
[ ] 630 LIQUOR LAWS
[ ] 640 RR & TRUCK
[ ] 650 AIRLINE REGS
[ ] 660 OCCUPATIONAL SAFETY/HEALTH
[ ] 690 OTHER

**LABOR**
[ ] 710 FAIR LABOR STANDARDS ACT
[ ] 720 LABOR/MGMT RELATIONS
[ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
[ ] 740 RAILWAY LABOR ACT
[ ] 790 OTHER LABOR LITIGATION
[ ] 791 EMPL RET INC SECURITY ACT

**BANKRUPTCY**
[ ] 422 APPEAL 28 USC 158
[ ] 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**
[ ] 820 COPYRIGHTS
[ ] 830 PATENT
[ ] 840 TRADEMARK

**SOCIAL SECURITY**
[ ] 861 MIA (1395FF)
[ ] 862 BLACK LUNG (923)
[ ] 863 DIWC (405(g))
[ ] 863 DIWW (405(g))
[ ] 864 SSID TITLE XVI
[ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
[ ] 870 TAXES
[ ] 871 IRS-THIRD PARTY 20 USC 7609

**OTHER STATUTES**
[ ] 400 STATE REAPPORTIONMENT
[ ] 410 ANTITRUST
[ ] 430 BANKS & BANKING
[ ] 450 COMMERCE/ICC RATES/ETC
[ ] 460 DEPORTATION
[ ] 470 RACKETEER INFLU-ENCED & CORRUPT ORGANIZATION ACT (RICO)
[ ] 480 CONSUMER CREDIT
[ ] 490 CABLE/SATELLITE TV
[ ] 810 SELECTIVE SERVICE
[ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE
[ ] 875 CUSTOMER CHALLENGE 12 USC 3410
[ ] 891 AGRICULTURE ACTS
[ ] 892 ECONOMIC STABILIZATION ACT
[ ] 893 ENVIRONMENTAL MATTERS
[ ] 894 ENERGY ALLOCATION ACT
[ ] 895 FREEDOM OF INFORMATION ACT
[ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
[ ] 950 CONSTITUTIONALITY OF STATE STATUTES
[x] 890 OTHER STATUTORY ACTIONS

**ACTIONS UNDER STATUTES**

**REAL PROPERTY**
[ ] 210 LAND CONDEMNATION
[ ] 220 FORECLOSURE
[ ] 230 RENT LEASE & EJECTMENT
[ ] 240 TORTS TO LAND
[ ] 246 TORT PRODUCT LIABILITY
[ ] 290 ALL OTHER REAL PROPERTY

**CIVIL RIGHTS**
[ ] 441 VOTING
[ ] 442 EMPLOYMENT
[ ] 443 HOUSING ACCOMMODATIONS
[ ] 444 WELFARE
[ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
[ ] 446 AMERICANS WITH DISABILITIES -OTHER
[ ] 440 OTHER CIVIL RIGHTS

**PRISONER PETITIONS**
[ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255
[ ] 530 HABEAS CORPUS
[ ] 535 DEATH PENALTY
[ ] 540 MANDAMUS & OTHER
[ ] 550 CIVIL RIGHTS
[ ] 555 PRISON CONDITION

Check if demanded in complaint:

CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.? IF SO, STATE:

DEMAND $_____ OTHER _____   JUDGE _____ DOCKET NUMBER _____

Check YES only if demanded in complaint
JURY DEMAND: [ ] YES [ ] NO

NOTE: Please submit at the time of filing an explanation of why cases are deemed related.

(SEE REVERSE)

(PLACE AN x IN ONE BOX ONLY)       **ORIGIN**

[X] 1 Original Proceeding
[ ] 2a. Removed from State Court
[ ] 2b. Removed from State Court AND at least one party is a pro se litigant
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from (Specify District)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judge Judgment

(PLACE AN x IN ONE BOX ONLY)       **BASIS OF JURISDICTION**       **IF DIVERSITY, INDICATE CITIZENSHIP BELOW. (28 USC 1332, 1441)**

[ ] 1 U.S. PLAINTIFF   [X] 2 U.S. DEFENDANT   [ ] 3 FEDERAL QUESTION (U.S. NOT A PARTY)   [ ] 4 DIVERSITY

**CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)**

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF | DEF | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ]1 | [ ]1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ]3 | [ ]3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ]5 | [ ]5 |
| CITIZEN OF ANOTHER STATE | [ ]2 | [ ]2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ]4 | [ ]4 | FOREIGN NATION | [ ]6 | [ ]6 |

**PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)**

2638 Alexander Place, Augusta, Georgia 30909

**DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)**

26 Federal Plaza, New York, NY 10278

**DEFENDANT(S) ADDRESS UNKNOWN**
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one:  THIS ACTION SHOULD BE ASSIGNED TO:   [ ] WHITE PLAINS   [X] FOLEY SQUARE
(DO NOT check either box if this a PRISONER PETITION.)

DATE 7/9/07  SIGNATURE OF ATTORNEY OF RECORD *(signed)*   ADMITTED TO PRACTICE IN THIS DISTRICT
RECEIPT #                                                [ ] NO
                                                         [X] YES (DATE ADMITTED Mo. _____ Yr. _____)
                                                         Attorney Bar Code # 8553

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

J Michael McMahon, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Naji Hassan Ahmed )<br>      Plaintiff, )<br>  v. )<br>Andrea Quarantillo, )<br>District Director, USCIS )<br>New York, New York )<br>      Defendant. ) | Civil Action No. |

## COMPLAINT FOR MANDAMUS

To the Honorable Judge of Said Court:

## INTRODUCTION:

This action is brought by the Plaintiffs to compel the Defendant to adjudicate the application by Naji Hassan Ahmed for his naturalization. The application has been on file with the United States Citizenship and Immigration Services ("USCIS") since October 30, 2003, and the defendant has refused to complete the case. The Defendant has no legitimate explanation for this delay.

## PARTIES:

1. The Plaintiff is a citizen of Sudan, lawfully admitted for permanent residence in October 21, 1998. He currently resides at 2638 Alexander Place, Atlanta, GA 30909, where he has a medical fellowship in neonatology at the Medical College of Georgia. However, he continues to maintain his legal residence in New York.

2. The Defendant is the officer of the USCIS, an agency within the U. S. Department of Homeland Security, who is charged by law with the obligation of adjudicating applications by aliens lawfully admitted for permanent residence—such as Plaintiff—for naturalization as United States citizens.

## JURISDICTION:

4. This is a civil action brought pursuant to 28 USC secs. 1331 and 1361 to redress the

deprivation of rights, privileges and immunities secured to Plaintiff, by which jurisdiction is conferred, to compel Defendant and those working under him to perform duties he owes to the Plaintiffs.

5. Jurisdiction is also conferred by 5 USC sec. 704. Plaintiffs are aggrieved by adverse agency action in this case, as the Administrative Procedures Act requires in order to confer jurisdiction on the District Courts. 5 USC secs. 702 *et seq*.

6. The aid of the Court is invoked under 28 USC secs. 2201 and 2202, authorizing a declaratory judgment.

7. Costs and attorneys fees will be sought pursuant to the Equal Access to Justice Act, 5 USC sec. 504, and 28 USC 2412(d), *et seq*.

**VENUE:**

8. Venue is proper in New York, New York and the Southern District of New York since the Defendant District Director has her principal place of business there. Furthermore, the Plaintiff was interviewed in New York.

**REMEDY SOUGHT:**

9. Plaintiff seeks to have the Court compel the District Director of the USCIS to adjudicate the N-400 application for naturalization which the Plaintiff filed with the Defendant in October 2003.

**CAUSE OF ACTION:**

10. Although the Defendant has acknowledged that the naturalization case is filed and pending with her office, and although she has been requested on numerous occasions to proceed with the case and complete it, she has continuously failed and refused to do so. She has stated that the case can not move forward until the investigation is complete.

11. There is no reason that Plaintiff is disqualified for naturalization. Even though the District Director may wish to investigate the case, there is no reason for the investigation to take this long.

14. Plaintiffs asserts that the Defendant has no legal basis for failing to proceed with the case.

15. Plaintiffs have no administrative remedies. There are no administrative remedies provided for neglect of duty.

16. Furthermore, the District Director, by failing to adjudicate the application, is denying the Plaintiff the right to have the denial reviewed by this court.

17. Mandamus is appropriate because there is no other remedy at law. But Plaintiffs seek